PATRICK V. BYRNES, Respondent, *v.* HENRY N. LEWIS, Appellant,
Impleaded with Others.

*Action to set aside a general assignment as fraudulent — bill of particulars — what
should and what should not be included therein.*

Where, in an action brought to set aside a general assignment, the facts averred by
certain portions of an answer constitute no defense to any portion of the plain-
tiff's cause of action, and are not issuable facts, nor in themselves material to
any issue tendered by the complaint, but are collateral facts merely, and are
averred argumentatively or by way of evidence in support of a preceding
denial of particular allegations of the complaint, a bill of particulars of such
allegations will not be ordered where the particulars desired are such as the
defendant would not be permitted to prove in his own behalf, and concerning
which he would be required to testify only on his cross-examination in the dis-
cretion of the court.

If an averment of the answer to the complaint, in an action brought to set aside
a general assignment, though not constituting a counterclaim, constitutes a
complete defense to the charge of falsifying the schedule of indebtedness
(which, of itself, would be fatal to the assignment), it is proper that the defend-
ant should give the items which he intends to prove as constituting the alleged
indebtedness.

The allegation of the complaint in such an action, that moneys to a large amount
were fraudulently drawn by the daughter of the defendant from his bank with
his permission, and in his name, is an allegation of the plaintiff, the burden of
proving which rests upon him; and the mere averment of the defendant that
moneys were so drawn to a small amount for a legitimate purpose, cannot have
the effect of shifting the burden of proof, either as to the amount or purpose of
such drafts; the defendant is not called upon to prove either the amount or the
use of the money so drawn, nor is he required to furnish his proofs upon that
subject to the plaintiff in advance of the trial of the action, by means of a bill
of particulars.

Where the complaint in such an action alleges that the daughter of the defendant
drew money from a private bank owned by the defendant on her own checks,
against an account made up of credits of fifty dollars each month allowed her
by her father without consideration and with a fraudulent intent, and the
answer admits such allegations, except the allegation of fraudulent purpose
and intent, there is nothing to be proved by the defendant in connection with
such matter, and nothing should be required of him, by way of specification,
by means of a bill of particulars of what he expected to prove on such subject.

The complaint in such an action, among other things, alleged that the assignor
issued in the name of his daughter two fictitious and fraudulent certificates of
deposit, and executed what purported to be an assignment and transfer to her of
certain shares of stock, to secure the payment of such certificates; that neither

the certificates nor the assignment of stock were ever delivered to her, but were retained by the assignor, and that the whole transaction was a scheme to create a fictitious indebtedness in favor of his daughter, and to withdraw the shares of stock from his assets. By his answer the defendant admitted the issuance of the two certificates of deposit and the execution of the transfer or assignment of the shares of stock, but denied all fraudulent intent in relation thereto, and affirmatively averred that the certificates represented in amount, moneys actually in his hands as agent of his daughter, which had been before invested by him for her and had been paid in and received by him as such agent for re-investment; that, finding no desirable investment at the time, he issued the certificates running to her, and made the assignment of stock as security for their payment.

*Held,* that an order requiring the defendant to furnish a bill of particulars showing the dates and amounts of moneys belonging to his daughter received from her by him as her agent for investment, the securities in which the same had been invested, and the amount paid to and collected by him from such investments, from time to time, was manifestly proper;

That such allegation of the complaint constituted a distinct charge of fictitious indebtedness, fraudulently devised, and included in the schedule of liabilities filed with the assignment. The affirmative averments of the answer in that regard constituted an affirmative defense to that charge, and the plaintiff was entitled to specifications of the averments so made.

APPEAL by the defendant, Henry N. Lewis, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Allegany on the 14th day of June, 1894, directing the defendant to serve a verified bill of particulars of certain matters set forth in the answer, with notice of an intention to bring up for review upon such appeal said order.

*Church & Church,* for the appellant.

*A. L. Purdy,* for the respondent.

DWIGHT, P. J.:

The action was in the nature of a creditor's bill, brought to set aside a general assignment made by the defendant Henry N. Lewis August 15, 1893, and various other transfers, conveyances and gifts of property made by him before the assignment, all of which are alleged to have been in fraud of creditors.

The plaintiff is a judgment creditor in the amount of ninety-four dollars and twenty-nine cents on a judgment recovered October 16, 1893, on which execution has been returned unsatisfied.

The pleadings in the action are extremely voluminous, and very brief abstracts of portions of each must serve to illustrate the questions presented by this appeal.

Thus, the complaint alleges that the defendant Henry N. Lewis was, before January 1, 1883, engaged in the banking business at Wellsville in company with one Hoyt, receiving deposits to a large amount, and using the money last deposited to pay former deposits; that the firm of Hoyt & Lewis was dissolved January 1, 1883, the defendant Lewis assuming all its obligations, and taking all the moneys on hand which had been deposited by its customers; that at that time, in connection with others, he organized the First National Bank of Wellsville, of which he became a stockholder, director and president, and so continued until January, 1886, and to which he became largely indebted " in the name of Hoyt & Lewis, aforesaid, and individually, being a continuation of the said indebtedness of Hoyt & Lewis, bankers, so assumed by said defendant Lewis; " that in April, 1886, he opened a private bank at the same place, receiving deposits and doing a general banking business, and that from the deposits so received he paid the debts of Hoyt & Lewis and his own debt to the National bank, and paid his earlier depositors from later deposits, and continued the business until the 15th day of August, 1893, when he made the general assignment complained of. The indebtedness to the plaintiff, which was the basis of his judgment of ninety-four dollars and twenty-nine cents, was for deposits with the defendant in his business as a private banker last described.

To these allegations the defendant, answering, admits his partnership with Hoyt in the banking business, the dissolution of that co-partnership, the assumption of its liabilities by himself, and that after settling with Hoyt he took the remaining assets of the firm; he admits the organization of the First National Bank and his connection with it, and that he became indebted to it, but denies that such indebtedness was a continuation of that of Hoyt & Lewis; he admits that he went into the private banking business in April, 1886, but denies that from the deposits received by him in that business he paid the debts of Hoyt & Lewis, and his debts to the First National Bank, created in continuing the indebtedness of Hoyt & Lewis as alleged. And in this behalf the defendant avers that at the time of the dissolution of the firm of Hoyt & Lewis his

assets, including those coming to him from the firm, exceeded his liabilities by many thousands of dollars; that he paid the liabilities of the firm from the sums realized from the assets, and that when those liabilities were fully paid there remained to the defendant a surplus of several thousand dollars derived therefrom.

These averments of the answer are made the subject of one of the provisions of the order appealed from, which requires the defendant to furnish a bill of particulars of the assets and liabilities of the firm of Hoyt & Lewis at the time of its dissolution, containing "the amount and value of the assets and of what and in what they consisted, and the amount and character of the liabilities, together with the names of the person and persons to whom the defendant was indebted at the time of the dissolution of the firm of Hoyt & Lewis and the amount of the liabilities of said firm of Hoyt & Lewis which were assumed by said defendant Henry N. Lewis, specifically showing the items thereof and the names of the persons in whose favor said indebtedness existed."

We are clearly of the opinion that this provision of the order exceeded the discretion of the court and was not within the most liberal construction of the rule for bills of particulars. The facts averred by that portion of the answer referred to in this provision constituted no defense to any portion of the plaintiff's cause of action. They were not issuable facts, nor, in themselves, material to any issue tendered by the complaint. They were collateral facts merely, and were averred argumentatively or by way of evidence in support of the preceding denial of particular allegations of the complaint. The particulars called for by this provision of the order are such as the defendant would not be permitted to prove in his own behalf, and concerning which he would be required to testify only on his cross-examination in the discretion of the court. The case of *Dwight, Exr., v. The Germania Life Ins. Co.* (84 N. Y. 493), which is much relied upon by the plaintiff and in which the rule for bills of particulars is stated as broadly as in any of the cases cited, differs radically from the present. There the general statements of the answer, of which particulars were required to be given, constituted a substantive defense to the action, viz., that of a breach of the warranty contained in an application for life insurance; and most of the

other cases cited are similarly distinguished. The first provision of the order appealed from cannot be sustained.

The second provision of the order has relation to an alleged indebtedness of the defendant Henry N. Lewis to the defendant Juliet A. Lewis, his wife. The allegations of the complaint in this regard are to the effect that, although on the books of the bank the account of the defendant Juliet was overdrawn to the amount of more than $600, yet that an indebtedness of more than $3,500 is stated in the schedule of liabilities attached to the assignment of the defendant Henry N. as due from him to the defendant Juliet, and that such indebtedness is fictitious and intended to defraud his just creditors. To this allegation the defendant Henry N. answers that, notwithstanding the apparent overdraft of his wife's account, he was still justly indebted to her in the sum of $3,816.93, which appears in his schedule of liabilities. The second provision of the order requires that the bill of particulars shall state the items of this indebtedness. We have no doubt of the propriety of this provision. The averment of the answer in this respect, though not constituting a counterclaim, constitutes a complete defense to the charge of falsifying the schedule of indebtedness which, of itself, would be fatal to the assignment. It is proper that the defendant should give the items which he intends to prove as constituting the alleged indebtedness.

The third provision of the order refers to the same alleged fictitious indebtedness of the defendant Henry N. to his wife, and its requirements will be satisfied when the second provision is fully complied with.

The defendant named in the complaint next after the wife of the assignor is his daughter M. Fannie Lewis, concerning whom it is alleged that her father, with intent to defraud his creditors, permitted her to draw in his name from his said bank, at different times, divers sums of money, amounting in the aggregate, as the plaintiff is informed and believes, to many thousands of dollars, thus withdrawing the same from the reach of his creditors, etc.; also that, during a period of about eighteen months before the date of the assignment, the same daughter, M. Fannie, drew money from the bank on her own checks against an account made up of credits of fifty dollars each month allowed her by her father without consideration and with the like fraudulent intent. Answering these

allegations the defendant Henry N. admits that his daughter Fannie was permitted to and did draw from the bank certain sums of money in his name, but denies that they amounted to a large sum, and denies the fraudulent intent; and in that regard he avers that the sums so drawn were intended to be and were used in the purchase of supplies for his family and aggregate but a small sum. He also admits the credit to the same daughter of fifty dollars a month during the time mentioned in the complaint, and that the same, except a small balance, was drawn out during the same time by his daughter on her own checks, and he denies the fraudulent intent charged in respect to this transaction; and he further avers that the allowance of fifty dollars a month was upon her undertaking to take upon herself the care of the household, purchasing all supplies for the table out of the allowance mentioned, and that if she should be able to make any saving out of said monthly allowance it should be hers in compensation for her services as housekeeper, etc., and that the moneys so drawn by his said daughter were actually used for the purposes mentioned. The fourth and fifth provisions of the order appealed from require that the bill of particulars shall show, specifically, the items, amounts and dates of the moneys drawn by the daughter in the name of her father, and the items, amounts and dates of the sums used by her in paying for purchases for the use and support of his family; also showing the amounts and dates of moneys drawn by the daughter against her allowance of fifty dollars per month, and the dates, items and amounts of moneys paid out by her for the table and living expenses of the family during the eighteen months above mentioned.

In respect to those provisions of the order it is sufficient to say, *first*, that the charge that moneys to a large amount were fraudulently drawn, and permitted to be drawn, by the daughter in her father's name, is an allegation of the plaintiff which it is for him to prove, and that the mere averment of the defendant that moneys were so drawn to a small amount for a legitimate purpose cannot have the effect to shift the burden of proof either as to the amount or the purpose of such drafts. Since, then, the defendant cannot be called upon to prove either the amount or the use of the moneys so drawn, still less can he be required to furnish his proofs on that subject to the plaintiff in advance of the trial of the action; *second,*

the answer admits all the particulars alleged concerning the drafts by the daughter's own checks against her allowance of fifty dollars a month, except the allegation of their fraudulent purpose and intent; there remains, therefore, nothing to be proved by the defendant in that connection, and of course nothing can be required by way of specification of what he expects to prove on that subject.

There is a fourth defendant of the name and family of the alleged fraudulent assignor, viz., a second daughter, Miss Nellie Lewis. It is alleged concerning her that, under the date of the 20th of July, 1893, the defendant, her father, issued in her name two fictitious and fraudulent certificates of deposit of the amounts respectively of $3,000 and $50, and executed what purported to be an assignment and transfer to her of thirty shares of the stock of a certain railroad company to secure the payment of such certificates; that neither the certificates nor the assignment of stock were ever delivered to her, but were retained by the father and that the whole transaction was a scheme to create a fictitious indebtedness in favor of his daughter, and to withdraw the railroad shares from his assets. By his answer the defendant admits the issuance of the two certificates of deposit and the execution of the transfer or assignment of the shares of stock, but denies all fraudulent intent in relation thereto, and affirmatively avers that the certificates represent in amount moneys actually in his hands as agent of his daughter, which had been before invested by him for her and had been paid in and received by him as such agent for reinvestment; that finding no desirable investment at the time, he issued the certificates running to her and made the assignment of stock as security for their payment and informed her by letter — she living in the State of 'Connecticut — what he had done with her funds, and that she answered by letter ratifying the transaction and accepting the transfer and assignment.

In respect to these averments of the answer the sixth provision of the order requires the defendant Henry N. to show by his bill of particulars dates and amounts of moneys of the defendant Nellie received from her by him as her agent for investment; the securities in which the same had been invested and the amounts paid to and collected by him from such investments from time to time. We think this requirement was manifestly proper on the same principle and for the same reasons that the requirement of the second pro-

vision of the order was upheld. The allegation of the complaint is a distinct charge of a fictitious indebtedness, fraudulently devised, and included in the schedule of liabilities filed with the assignment. The affirmative averments of the answer in that regard constituted an affirmative defense to that charge, and the plaintiff is entitled to specifications of the averments so made.

The seventh and eighth provisions of the order relate to averments of the answer, which embrace no issuable facts but such as are merely collateral and which are not properly the subject of an order of this character.

The result of this examination is to sustain the order only as to its second and sixth provisions and to reverse it as to all its other provisions.

The order should be modified accordingly, and as so modified affirmed, without costs of this appeal to either party.

LEWIS, HAIGHT and BRADLEY, JJ., concurred.

Order modified by striking out all except the second and sixth provisions thereof, and as so modified affirmed, without costs of this appeal to either party.