In the Matter of the Accounting of CHARLES A. TATUM, as Executor of MARIA E. HIBBLER, Deceased.

FREDERICK D. PRESTON, as Administrator of ANNA H. PRESTON, Deceased, Appellant; CHARLES A. TATUM, as Executor, etc., et al., Respondents.

1. WILL — DISCRETIONARY POWER OF SALE. A discretionary power of sale given under a will cannot be considered as of itself effecting an equitable conversion of the real estate devised therein.

2. WHEN EQUITABLE CONVERSION DOES NOT TAKE PLACE. The interest in the real estate of a testatrix acquired by adult grandchilden under a devise of the residuary estate to the grandchildren of the testatrix " for their own use and benefit forever, share and share alike," will not be treated as personalty in regulating its final distribution because of a direction in the will that the share of any minor grandchild under such devise be invested by the trustee and the principal sum with the interest and accumulations thereon be paid over to him on his attaining his majority, or, in the event of his prior decease, to the surviving grandchildren in equal proportions, where it is not necessary for the accomplishment of any purpose within the testamentary plan of the testatrix that such a provision should be given a construction which would affect the estates given to the adults.

3. CONSTRUCTION OF WILL NOT CHANGED BY SUBSEQUENT ACTS. The question whether a will should be construed as requiring the conversion of the real property of the testatrix into personalty is not affected by the fact that partition proceedings might, or that a sale made by the executor in the exercise of his discretion did, change such real estate into personalty.

*Matter of Tatum*, 61 App. Div. 513, affirmed.

(Argued January 7, 1902; decided January 28, 1902.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, made May 31, 1901, which affirmed a decree of the Kings County Surro-

gates's Court passing the accounts of Charles A. Tatum, as executor of Maria E. Hibbler, deceased.

The facts, so far as material, are stated in the opinion.

*John M. Shedd* for appellant. It is absolutely necessary that there should be an equitable conversion of the real estate in order to establish the trust for the infant Frederick C. Tatum. (*Chamberlain* v. *Taylor*, 105 N. Y. 191; *Salisbury* v. *Slade*, 160 N. Y. 287; *Lent* v. *Howard*, 89 N. Y. 177; *Asche* v. *Asche*, 133 N. Y. 235; *Morse* v. *Morse*, 85 N. Y. 53; *Lent* v. *Howard*, 89 N. Y. 169; *Cahill* v. *Russell*, 140 N. Y. 402.) When a testator authorizes his executors to sell real estate, and it is apparent from the general provisions of the will that he intended a sale, the doctrine of equitable conversion applies, although the power of sale is not in terms imperative. (*Power* v. *Cassidy*, 79 N. Y. 602; *Dodge* v *Pond*, 23 N. Y. 69; *Delafield* v. *Barlow*, 107 N. Y. 535; *Kinnier* v. *Rogers*, 42 N. Y. 535.)

*Charles H. Otis* for respondents. A discretionary power of sale does not effect an equitable conversion of real into personal property as of the date of testator's decease. It only becomes personal property when actually converted into cash. (*Kinnier* v. *Rogers*, 42 N. Y. 531; *White* v. *Howard*, 46 N. Y. 144; *Gourley* v. *Campbell*, 66 N. Y. 169; *Hobson* v. *Hale*, 95 N. Y. 598; *Chamberlain* v. *Taylor*, 105 N. Y. 185; *Clift* v. *Moses*, 116 N. Y. 144; *Matter of Bingham*, 127 N. Y. 296.). No imperative direction to sell can be implied from the general scheme of the will. (*Hobson* v. *Hale*, 95 N. Y. 588; *Salisbury* v. *Slade*, 160 N. Y. 278; *White* v. *Howard*, 46 N. Y. 144; *Matter of Will of Fox*, 52 N. Y. 530; *Cooke* v. *Platt*, 98 N. Y. 35; *Chamberlain* v. *Taylor*, 105 N. Y. 185; *Scholle* v. *Scholle*, 113 N. Y. 261; *Clift* v. *Moses*, 116 N. Y. 144; *Matter of Bingham*, 127 N. Y. 296; *Matter of Tienken*, 131 N. Y. 391.)

GRAY, J. This is an accounting by the executor of the will of Maria E. Hibbler, deceased, and a contest has arisen as to

the right to a portion of her residuary estate. The testatrix, after making certain dispositions, in the first ten clauses of her will, which are not material to the disposition of the case and need not be referred to in the discussion, by the eleventh clause disposed of her residuary estate. The clause reads as follows: "*Eleventh.* All the rest, residue and remainder of the property and estate, real and personal, of every description and wheresoever situated, of which I may be seized or possessed, or to which I may be entitled at the time of my decease, I give, devise and bequeath unto my grandchildren, Anna H. Tatum, Albert H. Tatum and Frederick C. Tatum, children of my deceased daughter Alice H. Tatum, for their own use and benefit forever, share and share alike. But if any of my grandchildren hereinbefore named shall not be twenty-one years of age at the time of my decease, the share in my estate hereinbefore bequeathed or devised to such grandchild shall be held by the trustee hereinafter named or his successor, in trust to invest the same and keep the same invested, until such grandchild shall attain the age of twenty-one years, and then to pay over to such grandchild the said principal sum with the interest and accumulations thereon; and in the event that such grandchild shall die before attaining the age of twenty-one years, then to pay the said principal sum and the interest and accumulations thereon to the survivors among the said grandchildren in equal proportions, the share in such fund of such survivor as shall then be of the age of twenty-one years to be paid forthwith; and if either survivor shall then be under the age of twenty-one years, his share therein to be paid when he shall become of such age."

The twelfth clause is unimportant. By the thirteenth clause, she appointed an executor and trustee; whom she authorized and empowered "to sell, at public or private sale, and at such time or times and in such manner, and for such sum or sums and upon such terms as to him, in the exercise of his best judgment, may seem most expedient, and to convey all or any part of my real and personal estate as he may consider it necessary or proper to do for the payment of my

said debts and of said legacies, and for any other purpose or purposes whatsoever."

The three grandchildren named in the residuary clause survived the testatrix. Two of them, viz. : Anna and Albert, were of age and Frederick was an infant. Anna subsequently died, intestate and without issue, leaving a husband her surviving ; to whom letters of administration upon her estate were issued. At a date subsequent to her death the executor of Mrs. Hibbler's will executed the power of sale, conferred upon him by the thirteenth clause of the will, and sold the only parcel of real estate of which the testatrix was seized at the time of her death. He accounted for the proceeds of the sale as follows : One-third as paid to the grandchild Albert, named in the eleventh clause ; one-third as paid to himself as trustee for Frederick, the other grandchild named in that clause, and one-third as paid to himself as sole heir at law of his deceased daughter, Anna. The husband of Anna objected to the account of the executor and claimed that one-third of the proceeds of the sale of the real estate should have been paid to him. The issue, therefore, was between the father of the deceased grandchild, claiming one-third of the fund resulting from the sale, as her sole heir at law, and her husband, claiming, under the provisions of the will, that there was an equitable conversion of the real estate into personal property, as of the time of the decease of the testatrix, by reason of which the distribution by the executor should have been as in the case of personal assets. The courts below have held adversely to the husband's contention.

It appears that the personalty was largely in excess of what was needed to satisfy the debts and legacies and, except as it may be found in the testamentary clauses which have been given, there is nothing in the will, which indicates any intention of the testatrix that the real estate should be sold by the executor. The power of sale, which was given by the thirteenth clause of the will, was discretionary, by its terms, and for that reason cannot be considered as, of itself, effecting an equitable conversion of the real estate. It is argued, how-

ever, that the intention that there should be a sale of the real estate, and that its conversion into personalty should be effected, is to be implied from the general provisions of the will and, particularly, from the residuary clause.

In order that a court shall be justified, in so construing the will of a decedent as to effect a change in the apparent character of his estate, and in treating that as personal property which is real estate, in regulating its final distribution, the equivalent of such a direction should be found in the general scheme of the will; when the only power given to sell the real estate is discretionary. Unless the purpose of the testator will fail without a conversion, equity will not presume it. There should be an implication of a direction to convert, so unequivocal and so strong as to leave no substantial doubt in the mind. (*Hobson* v. *Hale*, 95 N. Y. 588; *Scholle* v. *Scholle*, 113 ib. 261.) Indeed, conversion, to be decreed, must be so necessary, as that, without it, the provisions of the will would be rendered unreasonable and incapable of a just and an effective operation. The legal principles have been long settled, upon which the equitable rule operates, in effecting a conversion of the real estate of a testator and the only difficulty arises in applying it to a given case; for, in the construction of wills, one case will rarely constitute a precedent for another. In the present will, the intention of the testatrix is to be ascertained from the eleventh, or residuary, clause. If it is not unequivocally one that her real estate should be sold upon her death and held, or distributed, as personal property would be, then there is nothing to warrant the court in decreeing an equitable conversion; for the subsequent power to sell is purely discretionary. The eleventh clause gives, devises and bequeaths all of the residue of the estate, real and personal, to the three grandchildren named, "for their own use and benefit forever, share and share alike." The effect of this devise, plainly, so far, was to vest in the adult grandchildren, at once, undivided shares of the real estate; but, as to a grandchild who might be under age, the share given to him would come under the operation of a subsequent

paragraph of the clause; which did not divest him of his share, but directed it to be held by the trustee during his minority. It is in the language used in that particular paragraph that the appellant finds support for his argument, that a sale of the real estate and its conversion into personalty were intended by the testatrix. The language is, certainly, most inartistic and quite unfortunately chosen for the testamentary purpose; but, notwithstanding, it is quite insufficient to nullify the unqualified and unlimited devise to each of the other grandchildren. The words " to invest the share" and " to pay over the principal sum etc." to the infant grandchild, upon his attaining the age of twenty-one years; or, in the event of his prior decease, " to the survivors among the grandchildren, in equal proportions etc." might reasonably, under certain conditions, justify the inference of an intention that the real estate should be treated as personal property in its disposition; but those conditions are not present here to affect the nature of the interests, which were acquired by the two adult grandchildren, under the unlimited devise of the testatrix. They were capable of taking, and they became seized in fee of, their undivided shares, upon her death, and a provision in the clause, following upon the unlimited devise and looking to a possible infancy of a devisee, cannot have any effect upon their devises. It is not necessary, for the accomplishment of any purpose within the testamentary plan of the testatrix, that such a provision should be given a construction, which would affect the estates given to the adults. It has served its purpose, in suspending the enjoyment in possession while the grandchild is a minor, and in providing for the contingency of his death. There was no reason why the real estate should be immediately sold; for the provisions of the will could be given effect by continuing to hold the real estate as it was. Nor does it, at all, influence the question of construction that partition proceedings might, or that the sale made by the executor, in the exercise of his discretion, did, change the real estate into personalty. If we find no ground for presuming an intention

that the real estate should go to the devisees otherwise than as such, then it is quite unimportant to consider what might afterwards be done to change its actual character. The devise took effect in possession as to some of the devisees; the character of the holding by all had been fixed, and whatever the infant's share of the estate may consist in, it will be held by his trustee according to the trust powers conferred.

It is of no advantage to compare cases. It should be sufficiently clear, when the object in the construction of wills is to ascertain, and to effectuate, the intention of the testator, that the facts and circumstances of each case can furnish the sole aids to interpretation. The testamentary rules which have been so established as to be accepted as controlling, and which are restated, from time to time, by courts, only serve as general guides in the construction of a will, in establishing the intention of the will maker and in giving full and legitimate operation to the instrument. The cases cited by the appellant have their peculiar features, which differentiate them from the case at bar and rendered it impossible to carry out the provisions of the wills in question, unless a conversion of the real estate was decreed. Such was the recent case of *Salisbury* v. *Slade*, (160 N. Y. 278), where an imperative direction to sell was held to be necessary under the facts and circumstances; the learned judge commenting, in his opinion, upon the difficulty of laying down " a hard and fast rule in cases of this kind."

The terms of this will are without expression of an imperative direction to sell and I am unable to perceive any necessity in the case for its implication. I think that, upon the death of Anna, intestate and without issue, her undivided share of the real estate vested in her father, as her sole heir at law. The subsequent exercise by the executor of the power to sell the real estate did not affect the heritable quality of the estate, and the moneys proceeding from the sale were distributable to the heir at law.

The order should be affirmed, with costs.

PARKER, Ch. J., O'BRIEN, BARTLETT, HAIGHT, CULLEN and WERNER, JJ., concur.

Order affirmed.