CARBERRY v. ENNIS et al.

(Supreme Court, Appellate Division, Second Department.   May 29, 1902.)

1. WILLS—DEVISE OF REALTY—EQUITABLE CONVERSION.

A provision in a will authorizing the executors to sell or mortgage testator's realty "if, in their judgment," it is necessary to carry out the will, is insufficient to effect of itself an equitable conversion of the realty.

2. SAME—CHARGING REALTY WITH LEGACIES.

A testator made a devise of real estate, subject to the payment of her debts. Then, after making several specific bequests, she authorized her executors to sell or mortgage her realty "if, in their judgment," it was necessary to carry out the will. When the will took effect, testator's personalty was sufficient to pay both her debts and legacies, but by reason of expenses incurred by the executor in a contest of the will the debts, legacies, and expenses thereafter exceeded the personalty. Held that, in the absence of any extrinsic evidence of testator's intention to charge her realty with the payment of the legacies, the power to sell and mortgage given the executors was insufficient to charge it with such payment.

Goodrich, P. J., dissenting.

Appeal from trial term, Queens county.

Suit by Agnes Carberry against Margaret Ennis and others. From a judgment dismissing plaintiff's petition, she appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Burt Jay Humphrey, for appellant Agnes Carberry.
David A. Sullivan, for appellants Margaret Ennis and others.
Daniel Brown, for respondent.

WILLARD BARTLETT, J.   By her last will and testament Ellen Crane made the following devise:

"After my lawful debts are paid, I give to my niece Margaret Ennis, my niece Mary Ryan, and to my grandniece Agnes Carberry, all my real estate at Far Rockaway, borough of Queens, state of New York, being situated on the westerly side of Central avenue, between Mott and Cornaga avenues, to hold the same as tenants in common, to them, their heirs and assigns, forever."

After this clause the will contains seven bequests, amounting in the aggregate to $3,800, all of which are to strangers in blood to the testatrix, except a legacy of $2,000 to her sister. Following these legacies the will contains these clauses:

"(9) I hereby give, devise, and bequeath unto my said grandniece Agnes Carberry all the rest, residue, and remainder of my real estate and personal property, to her, her heirs and assigns, forever. (10) I hereby authorize my executors, or whoever of them may qualify, to sell or mortgage my real estate, if, in their judgment, it is necessary, to carry out the purpose and object of this will."

The debts of the testatrix amount to $500, and the report of the appraiser appointed by the surrogate of Queens county shows that her personal property is of the value of $4,339.71. The present action was instituted by Agnes Carberry, one of the legatees mentioned in the first clause of the will, to partition the Rockaway real estate devise to her and to Margaret Ennis and Mary Ryan as tenants in common.

The learned county judge dismissed the complaint on the ground that the tenth clause of the will, containing power of sale, showed that it was the intention of the testatrix to charge her real estate with the payment of the legacies, and that this power was imperative, inasmuch as the proof indicated that the personal property would be insufficient to pay the debts and legacies. The latter inference seems to have been based upon proof that the executor had incurred legal expenses, amounting to more than $500, in opposing a contest of the will. I am unable to concur in the view taken by the court below. The power of sale is certainly discretionary in its terms. The appraisal indicates that when the will took effect the personalty belonging to the testatrix was in excess of the aggregate sum requisite to satisfy her indebtedness and the several legacies for which the will provides. The character of the power is not such as of itself to effect an equitable conversion of the real estate. In re Tatum, 169 N. Y. 514, 62 N. E. 580. The condition of the property of the testatrix at the time when the will was made, only a few weeks before her death, does not indicate that she could have supposed it would possibly be necessary to resort to her lands in order to satisfy the legacies. The case in this respect is very much like Brill v. Wright, 112 N. Y. 129, 135, 19 N. E. 628, 630, 8 Am. St. Rep. 717, where the court of appeals, speaking through Andrews, J., said:

"The extrinsic circumstances do not tend to show an intention on the part of the testator to charge the legacy on his real estate. Except for the expenses allowed against the estate, growing out of a contest on the probate of the will instituted by the legatee and a niece of the testator, and in subsequent proceedings on an accounting by the executor, the personal estate left by the testator would have been ample to have paid the legacy and the ordinary expenses of administration."

It is also to be observed that, while the testatrix expressly limits the devise to the plaintiff and the defendants Ennis and Ryan, in the first clause of her will, by the expression "after my lawful debts are paid," this limitation does not extend to the payment of the legacies. Paraphrasing the language used by Folger, J., in Bevan v. Cooper, 72 N. Y. 317, 326, it may be asked, why was the testatrix so careful to charge her debts in this manner, if there was also a purpose in her mind to subject the real estate to the payment of the legacies? The general rule cannot be gainsaid that legacies may be charged upon real estate without any express direction to that effect in the will, if the intention so to do can be gathered from the provisions of the will itself, or from extraneous circumstances in aid of those provisions. Hoyt v. Hoyt, 85 N. Y. 142. But the distinctions made in the opinion in the case last cited indicate satisfactorily to my mind that the present case has not been brought within the operation of that rule. For these reasons I think that the plaintiff was entitled to maintain her partition suit, and that the judgment should be reversed.

Judgment of the county court of Queens county reversed, and new trial ordered; costs to abide the final award of costs. All concur, except GOODRICH, P. J., dissenting.