AGNES CARBERRY, Appellant, *v.* MARGARET ENNIS and Others, Appellants; EDMUND J. HEALY, as Executor, etc., of ELLEN CRANE, Deceased, Respondent, Impleaded with Others.

*Power of sale — when it does not indicate an intent to charge legacies upon the real estate.*

The 1st clause of a will provided, " After my lawful debts are paid, I give to my niece Margaret Ennis, my niece Mary Ryan and to my grandniece Agnes Carberry, all my real estate at Far Rockaway, Borough of Queens, State of New York, being situated on the westerly side of Central Avenue, between Mott and Cornaga Avenues, to hold the same as tenants in common, to them, their heirs and assigns forever." The testatrix then made several bequests aggregating $3,800. She then devised her residuary estate to her grandniece. The next and concluding clause was as follows : " X. I hereby authorize my executors, or whoever of them may qualify, to sell or mortgage my real estate if in their judgment it is necessary to carry out the purpose and object of this will."

The value of the testatrix's personal property was $4,339.71. Her debts amounted to $500, and the executor incurred legal expenses amounting to more than $500 in opposing a contest of the will.

In an action brought by one of the devisees mentioned in the 1st clause of the will to partition the real estate devised therein, the trial justice dismissed the complaint on the ground that the clause containing the power of sale showed that it was the intention of the testatrix to charge her real estate with the payment of the legacies and that this power was imperative inasmuch as the proof indicated that the personal property would be insufficient to pay the debts and legacies.

*Held,* that the partition suit could be maintained;

That the power of sale was discretionary in its terms and that there was nothing in the extrinsic circumstances of the case to show an intention on the part of the testatrix to charge the legacies upon her real estate;

That the limitation " after my lawful debts are paid," contained in the 1st clause of the will, did not extend to the payment of the legacies.

GOODRICH, P. J., dissented.

APPEAL by the plaintiff, Agnes Carberry, and by the defendants, Margaret Ennis and others, from a final judgment of the County Court of Queens county in favor of the defendant Edmund J. Healy, as executor, etc., of Ellen Crane, deceased, entered in the office of the clerk of the county of Queens on the 22d day of November, 1901, upon the decision of the court dismissing the complaint in a partition action.

*Burt Jay Humphrey,* for the plaintiff, appellant.

*David A. Sullivan, James H. Deignan* and *Frederick C. Gladden,* for the defendants, appellants.

*Daniel Brown,* for the respondent.

WILLARD BARTLETT, J.:

By her last will and testament Ellen Crane made the following devise: "After my lawful debts are paid, I give to my niece Margaret Ennis, my niece Mary Ryan, and to my grandniece Agnes Carberry, all my real estate at Far Rockaway, Borough of Queens, State of New York, being situated on the westerly side of Central Avenue between Mott and Cornaga Avenues, to hold the same as tenants in common, to them, their heirs and assigns forever."

After this clause the will contains seven bequests, amounting in the aggregate to $3,800, all of which are to strangers in blood to the testatrix, except a legacy of $2,000 to her sister.

Following these legacies the will contains these clauses:

"IX. I hereby give, devise and bequeath unto my said grandniece, Agnes Carberry, all the rest, residue and remainder of my real estate and personal property, to her, her heirs and assigns forever.

"X. I hereby authorize my executors, or whoever of them may qualify, to sell or mortgage my real estate if in their judgment it is necessary to carry out the purpose and object of this will."

The debts of the testatrix amount to $500, and the report of the appraiser, appointed by the surrogate of Queens county, shows that her personal property is of the value of $4,339.71.

The present action was instituted by Agnes Carberry, one of the legatees mentioned in the 1st clause of the will, to partition the Rockaway real estate devise to her and to Margaret Ennis and Mary Ryan, as tenants in common. The learned county judge dismissed the complaint on the ground that the 10th clause of the will, containing power of sale, showed that it was the intention of the testatrix to charge her real estate with the payment of the legacies, and that this power was imperative inasmuch as the proof indicated that the personal property would be insufficient to pay the debts and lega-

cies. The latter inference seems to have been based upon proof that the executor had incurred legal expenses amounting to more than $500 in opposing a contest of the will.

I am unable to concur in the view taken by the court below. The power of sale is certainly discretionary in its terms. The appraisal indicates that when the will took effect the personalty belonging to the testatrix was in excess of the aggregate sum requisite to satisfy her indebtedness and the several legacies for which the will provides. The character of the power is not such as of itself to effect an equitable conversion of the real estate. (*Matter of Tatum,* 169 N. Y. 514.) The condition of the property of the testatrix at the time when the will was made, only a few weeks before her death, does not indicate that she could have supposed it would possibly be necessary to resort to her lands in order to satisfy the legacies. The case in this respect is very much like *Brill* v. *Wright* (112 N. Y. 129, 135), where the Court of Appeals, speaking through ANDREWS, J., said : " The extrinsic circumstances do not tend to show an intention on the part of the testator to charge the legacy on his real estate. Except for the expenses allowed against the estate, growing out of a contest on the probate of the will, instituted by the legatee and a niece of the testator, and in subsequent proceedings on an accounting by the executor, the personal estate left by the testator would have been ample to have paid the legacy and the ordinary expenses of administration."

It is also to be observed that while the testatrix expressly limits the devise to the plaintiff and the defendants Ennis and Ryan in the 1st clause of her will, by the expression " After my lawful debts are paid," this limitation does not extend to the payment of the legacies. Paraphrasing the language used by FOLGER, J., in *Bevan* v. *Cooper* (72 N. Y. 317, 326), it may be asked, why was the testatrix so careful to charge her debts in this manner if there was also a purpose in her mind to subject the real estate to the payment of the legacies ?

The general rule cannot be gainsaid that legacies may be charged upon real estate without any express direction to that effect in the will, if the intention so to do can be gathered from the provisions of the will itself, or from extraneous circumstances in aid of those provisions. (*Hoyt* v. *Hoyt,* 85 N. Y. 142.) But the distinctions made in the opinion in the case last cited indicate satisfactorily to

my mind that the present case has not been brought within the operation of that rule.

For these reasons I think that the plaintiff was entitled to maintain her partition suit, and that the judgment should be reversed.

All concurred, except GOODRICH, P. J., dissenting.

Judgment of the County Court of Queens county reversed, and new trial ordered, costs to abide the final award of costs.