(46 Misc. Rep. 352.)

### MONJO v. WIDMAYER et al.

(Supreme Court, Special Term, New York County. February, 1905.)

1. WILLS—POWER TO DEVISE—CONSTRUCTION.

 Testator devised certain real estate to his wife for life, with power to devise the same to any of her children or grandchildren in such shares as she should deem best. *Held*, that the wife had a right to discriminate between the children and grandchildren by her will devising

the property to them as tenants in common, and to charge the share of a grandchild with the debt of her father, or the share of her son with the amount of his debt, where such debts, by the express terms of her will, form part of the residuary estate to be divided among the children and grandchildren.

2. SAME—EQUITABLE CONVERSION.

Where, by will, testator devised certain real estate to his wife for life, with power in the wife to devise the same to her children or grandchildren in such shares as she might deem best, the will did not effect an equitable conversion of the realty.

Action by Ferdinand N. Monjo against George C. Widmayer and others. Judgment for plaintiff.

E. L. Bushe, for plaintiff.

Jay & Candler, for defendants.

GREENBAUM, J. A partition and sale of the premises No. 137 West Sixty-First street, in the city of New York, are here sought. It is urged by one of the defendants that her share in the real estate was unlawfully reduced or charged with burdens by a donee of the power of appointment, and by another of the defendants that there was an equitable conversion of the realty for the purposes of division between the decedent's heirs, the latter taking not as devisees but as legatees, and that partition will not lie. A determination of the rights of the parties involves the construction of the wills of George Widmayer, who died in 1886, and of his wife, Johanna B. Widmayer, who died in 1899. George Widmayer died seised of the fee of the premises in question, leaving him surviving his widow, Johanna B. Widmayer, and three sons, two grandchildren of one deceased daughter, and a grandchild of another deceased daughter, as his only heirs at law, and in and by his last will, which was duly admitted to probate, he provided among other matters as follows:

"Third—I hereby give and devise to my said wife, Johanna B. Widmayer, my house and lot No. 115 West Sixty-first street, in the city of New York, to have and to hold the same to her for and during the term of her natural life, with full power and authority to my said wife to devise the same by her last will and testament or by an instrument in writing in the nature thereof to any or all of our children or grandchildren or both in such shares or proportions as to her shall seem best. And in the event of my said wife not disposing of said house and lot by her last will and testament or by an instrument in writing in the nature thereof to or among our children or grandchildren or some of them as she is hereinabove authorized, then upon her death without having disposed thereof as aforesaid I give and devise the said house and lot No. 115 West Sixty-first street, in the city of New York, to my children equally and to my grandchildren, the children of my deceased daughters, Margaret E. Ebbinghausen and Mary Emma Monjo per stirpes as tenants in common to them, their heirs and assigns forever."

Johanna B. Widmayer died on April 30, 1899. By the second clause of her last will, which was duly admitted to probate, and among other testamentary dispositions, she gave and devised the premises in question as follows: One-fifth to her son George C. Widmayer; one-fifth to her son William F. Widmayer; one-fifth to her granddaughter Addie Woodhouse, daughter of her son Henry E. Widmayer; one-fifth to a grandson, Ferdinand N. Monjo, son

of a deceased daughter; one-tenth to a granddaughter, Julia M. Hurtt, and one-tenth to a grandson, George Henry Ebbinghausen (the two last-mentioned parties being children of a deceased daughter), "as tenants in common, to them and their heirs and assigns forever."   By the third clause of her will it was provided that the devise to Addie Woodhouse was made "upon the express condition" that the said one-fifth so devised to her "shall be charged with the payment" of the indebtedness to her of her son Henry E. Widmayer and of her grandson (a son of Henry E. Widmayer), and of any other sums in which either of them may be indebted to her at the time of her decease; and by the fourth clause the testatrix similarly charged the one-fifth interest devised to her son William F. Widmayer with the payment of his indebtedness to her, and any further sum in which he might be indebted to her at the time of her decease; and it was further provided in said clauses that the indebtednesses of the respective parties shall be paid out of the shares respectively above set forth to her executor as part of her residuary estate.   The will contains a power of sale to her executor, who, it appears, never qualified, so that an administrator with the will annexed was appointed.   The power of sale was never executed.   The defendant Addie Woodhouse contends that Johanna B. Widmayer exceeded the power conferred upon her by the will of her husband, George Widmayer, in charging the share conveyed to her with the indebtedness of Mrs. Woodhouse's father and brother, and that, so far as she has attempted to thus burden this share, the exercise of the power is invalid.   In other words, it is claimed that the excess of power attempted to be exercised may be eliminated, and the devise to Addie Woodhouse be freed from the attempted charge.

Under the terms of the will of George Widmayer, the testatrix, the donee of the power of appointment, had the right to discriminate between any of her children and grandchildren.   She might under the power have devised the entire estate to one child to the exclusion of all the other children and grandchildren, or she might have divided the estate unequally between them.   Did she exceed this power?   The indebtedness with which she charged two shares of the estate in effect constituted liens upon them, as though they were severally mortgaged for a definite sum.   Suppose the testatrix had seen fit for any reason to have divided the estate in such proportions that the shares of those charged with the payment of certain debts had been fractionally stated, say at one-twentieth or one-thirtieth of the estate, could it be successfully urged that the testatrix transcended her power, in view of the fact that by the terms of the will the said indebtednesses were to form part of the residuary estate to be divided exclusively among the children and grandchildren?   I think not.   The cases relied upon by the learned counsel for Mrs. Woodhouse seem to me readily distinguishable from the case here presented.   In those cases it was attempted to divert some portion of the estate to persons other than those designated under the power.   Here there has been no such transgression.   The appointment was exercised exclusively among

those specially mentioned in the will of George Widmayer. Nor is there any force in the argument that Mrs. Widmayer had no right to enforce the collection of debts due to her estate by charging any of the shares with the payment of such debts. If she had the power entirely to cut off any of the parties, she certainly had the power to reduce any share as she deemed fit. The conditions imposed appear to be most equitable, and were clearly designed to effectuate a fair and equal division of the estate. I am therefore of opinion that the testatrix by her will exercised her power of appointment not only in spirit, but strictly in conformity with the will of George Widmayer.

The defendant Tyng, as assignee of the share of William F. Widmayer, contends that the scheme of the will operated to effect an equitable conversion of the realty into personalty, arguing that a sale of the premises is necessary to effectuate it. "Unless the purpose of the testator will fail without a conversion, equity will not presume it. There should be an implication of a direction to convert, so unequivocal and so strong as to leave no substantial doubt in the mind." Matter of Tatum, 169 N. Y. 514, 518, 62 N. E. 580, citing authorities. In the case at bar the will of George Widmayer gave the wife, Johanna B. Widmayer, the power "to devise" the property, and the latter by her will exercised the power by devising the premises to the persons named, and in the proportions mentioned, "as tenants in common." It is difficult to comprehend how the purposes of the testator and testatrix will be defeated unless resort is had to a conversion. As to the power of sale in Mrs. Widmayer's will, it is sufficient to say that it was merely discretionary, and not imperative, and never having been executed, and being unnecessary to effectuate the power created by Joseph B. Widmayer as exercised by Mrs. Widmayer, it furnishes no valid argument in favor of the theory of an equitable conversion.

My conclusions are that this action is well brought, and that a decree in partition may be entered in conformity with the foregoing views.

Judgment accordingly.