Matter of the Judicial Settlement of the Account of Proceedings of HENRY DEGENHARDT, as Executor, etc., of the Estate of ELIZABETH VOLZE, Deceased.

(Surrogate's Court, Bronx County, November, 1916.)

Accounting — settlement of decree upon — wills — executors and administrators — in Surrogate's Court — what is sufficient to effect a legal conversion.

A will authorized the executor to sell real estate in order to. pay a bequest out of the proceeds in case the personal estate should be insufficient. From the account filed it appeared that the personal estate was sufficient to pay the legacy referred to. On settlement of the decree on an accounting,

Held, that the power of sale in the will in question was not mandatory and, therefore, in the absence of a controlling intention to the contrary to be gathered from the whole will, did not work an equitable conversion; that the mere fact that a will provides that real estate should be sold to pay a legacy is not sufficient to effect an equitable conversion of real estate so as to make all of the proceeds of the sale personalty.

PROCEEDINGS on the settlement of a decree on accounting.

George W. Elkins, for petitioner.

Albert Cohn, special guardian for infants.

SCHULZ, S.    By the " Sixth " clause of her will, the testatrix provided as follows:  " All the rest, residue, and remainder of my estate, whether real, personal or mixed, I give, devise and bequeath unto my children," naming eight children, " share and share alike."  Her will also contained a provision as follows:  " *Seventh.* For the purpose of facilitating the distribution of my estate, and for any and all purposes, I hereby authorize and empower my executor to sell at public or private

sale \* \* \* any or all of the real estate of which I may die seized, \* \* \*."

After the death of the decedent, one of the eight children above referred to died, leaving him surviving a widow and children. Thereafter, the executor, acting under the power of sale given him in paragraph '' Seventh '' of the will last above quoted, sold the decedent's real estate, and on this accounting is about to distribute the proceeds.

The question arises whether the share of the deceased child in said proceeds is real or personal property. In the one case it would descend to his heirs-at-law, subject to the dower right of his widow, whereas in the other it would be distributed to his next of kin. Whether or not this share is real or personal property depends upon whether the testatrix, by her last will and testament, worked an equitable conversion.

An examination of the power of sale discloses that it is not a mandatory power and hence of itself does not work an equitable conversion. *Matter of Tatum,* 169 N. Y. 514. It has been held, however, that even when the power of sale is not mandatory an equitable conversion may result where from the whole will it is clear that the intent of the testatrix was to that effect. *Dodge* v. *Pond,* 23 N. Y. 69; *Power* v. *Cassidy,* 79 id. 602; *Salisbury* v. *Slade,* 160 id. 278. There is nothing in the will to throw any light upon her intent in that respect, with the possible exception of the provisions of paragraph '' Fifth '' of her will, which are as follows: '' I give and bequeath to my daughter, Elizabeth Hellman, the sum of Five hundred dollars, and if my personal estate shall be insufficient, then the same shall be paid out of the proceeds of the sale of my real estate.''

From the account, which is not disputed or questioned by any of the parties, it appears that the personal estate is sufficient to pay the legacy referred to;

and, while there might be room for the argument that the language of the " Fifth " paragraph quoted above contemplated a sale of the real estate, I think it is also open to the contention that the decedent therein seems to make a differentiation between her personal estate and the proceeds of the sale of her real estate. The mere fact, however, that a testatrix provides that real estate should be sold to pay a legacy, has been held not to be sufficient to work an equitable conversion of her real estate so as to make all of the proceeds of the sale personalty. *Matter of Broderick,* 163 App. Div. 91. The provision is similar to one making the legacy in question a conditional charge upon her real estate.

In *Matter of Tatum, supra,* the court says: "In order that a court shall be justified, in so construing the will of a decedent as to effect a change in the apparent character of his estate, and in treating that as personal property which is real estate, in regulating its final distribution, the equivalent of such a direction should be found in the general scheme of the will; when the only power given to sell the real estate is discretionary. Unless the purpose of the testator will fail without a conversion, equity will not presume it. There should be an implication of a direction to convert, so unequivocal and so strong as to leave no substantial doubt in the mind. *Hobson* v. *Hale,* 95 N. Y. 588; *Scholle* v. *Scholle,* 113 id. 261. Indeed, conversion, to be decreed, must be so necessary, as that, without it, the provisions of the will would be rendered unreasonable and incapable of a just and an effective operation."

The conditions outlined do not, in my opinion, exist in the pending matter. I, therefore, hold that no equitable conversion results from the provisions of the will in question and the decree will be settled accordingly.

Decreed accordingly.