### KILLICK *v.* MONROE COUNTY SAV. BANK *et al.*

(*Supreme Court, General Term, Fifth Department.* June 23, 1888.)

INSANITY — DEATH OF LUNATIC PENDING ACTION TO RECOVER ASSETS — APPOINTMENT OF TRUSTEE.

A trustee to carry on the litigation will not be appointed where a committee of a lunatic's estate has instituted suit to obtain possession of money deposited in a bank to the credit of the lunatic and his wife, and, pending suit, the lunatic has died, and his wife has been appointed administratrix, Code Civil Proc. § 2344, providing that "where a person of whose property a committee has been appointed, as prescribed in this title, dies during his incompetency, the power of the committee ceases, and the property of the decedent must be administered and disposed of as if a committee had not been appointed."

Appeal from special term, Monroe county.

Argued before BARKER, P. J., and HAIGHT, BRADLEY, and DWIGHT, JJ.

*Edward Webster,* for appellant.    *J. & G. Van Voorhis,* for respondent Blossom.

HAIGHT, J.    On or about the month of December, 1884, William Blossom deposited in the Monroe County Savings Bank the sum of $3,000 and upwards, to the credit of himself and Maria A. Blossom, his wife. Thereafter, and in September, 1887, the said William Blossom was adjudged a lunatic under a commission issued out of the county court, and Henry Killick, the plaintiff, was appointed committee of his person and estate. Thereupon the plaintiff, as such committee, demanded a transfer of the funds in the Monroe County Savings Bank to his account, as such committee; but the bank, deeming it necessary for its own protection, refused to so transfer the fund without the consent of Maria A. Blossom; that a demand for consent for the transfer was thereupon made upon Maria A. Blossom, by the committee, which demand she refused to comply with. Thereupon this action was brought by the service of the summons, but before any appearance had been entered William Blossom died, and Maria A. Blossom has been duly appointed administratrix of his estate. The plaintiff thereupon moved the court at special term for an order appointing a trustee to carry on the litigation, and from the order denying the same this appeal was taken.

It appears that there is no question or controversy, so far as the bank is concerned, other than to determine who is entitled to the fund. Upon the death of Mr. Blossom his personal estate passed to his personal representatives; and the only object of carrying on the litigation is to determine whether the funds on deposit in the savings bank shall go into the hands of Mrs. Blossom as administratrix or individually. This question can be determined when she is called upon to account as administratrix. The only question which we are called upon to determine upon this appeal is whether the special term had power to appoint a trustee to carry on the litigation. It appears to us that this question presented is answered by the express provisions of the Code. Section 2344 provides that "where a person of whose property a committee has been appointed, as prescribed in this title, dies during his incompetency, the power of the committee ceases, and the property of the decedent must be administered and disposed of as if a committee had not been appointed." Under this provision it would appear that on the death of Mr. Blossom the powers and duties of the plaintiff as committee were terminated, except to account to the proper officer for the estate that had theretofore come to his hands. Upon the death of Mr. Blossom his property must be administered and disposed of as if a committee had not been appointed. So reads the Code. In other words, it passed to his personal representatives, and Mrs. Blossom, having been appointed administratrix, has the right to draw the money from the savings bank; and when she comes to account as such administratrix the question as to whether it belongs to her individually or as administratrix can be determined. The order should be affirmed, with $10 costs and disbursements. So ordered.

BARKER, P. J., and BRADLEY and DWIGHT, JJ., concurred.