G-bobge Tilzeb, J.
Petitioner is the duly appointed committee of the incompetent herein. The incompetent is 67 years of age and presently confined to the State Hospital at Central Islip. His only heir at law is a nephew who has always been and still is a resident of and domiciled in Italy and has never resided in the United States. It appears that the incompetent had an account in the Empire City Savings Bank in his own name in trust for the said nephew. The account now totals $4,714.73. By this proceeding the committee of the incompetent seeks to revoke the trust feature of the account and requests an order of this court directing the bank to turn over to the committee said account, with accumulated interest thereon, to be used by the committee for the sole benefit of the incompetent. It is alleged that the estate of the incompetent consists of a balance on June 28, 1960 of $2,127.59 and an income of $33 monthly as social security from May, 1960; that the Department of Mental Hygiene of the State of New York has fixed the sum of $151.50 monthly as the cost of maintaining and treating said incompetent in the State Hospital; that said Department of Mental Hygiene has sent the committee a bill for past-due services and maintenance of the incompetent at said hospital, the total of which, as of August 1, 1960, is $2,666.66, and on September 1, 1960, an additional $151.50 for the month of August will be due and owing.
The committee on April 25,1960 wrote the nephew, explaining the situation, and requested a consent be signed by him permitting the committee to take over the account in the Empire City Savings Bank for the sole benefit of the incompetent. This has not been forthcoming and the committee was compelled to institute this proceeding.
The account is in a form known as a Totten Trust and is revocable. “ A deposit by one person of his own money, in his own name as trustee for another, standing alone, does not establish an irrevocable trust during the lifetime of the depositor. It is a tentative trust merely, revocable at will, until the depositor dies or completes the gift in his lifetime (Matter of Totten, 179 N. Y. 112, 125.) Unquestionably, if the incompetent were not in his unfortunate position, and was possessed of his rational faculties, he could revoke the trust or withdraw his moneys at will. However, since he is a declared incompetent, his committee, as an officer and agent of the court, has control over his real and personal property and income as an officer and agent of the court, but does not take title to same (Matter of *88 National Commercial Bank & Trust Co. [McCormack], 50 N. Y. S. 2d 274, 276). It is well established that the primary duty of a committee is to attend to the personal wants and comforts of the incompetent and his functions are purely ministerial. He therefore has no power or authority to change the beneficiary either in a trust or a life insurance policy created by the incompetent. However, the court may, on application of the committee, order the committee to revoke a Totten Trust created by the incompetent if necessary for the benefit and welfare of the incompetent (Matter of National Commercial Bank & Trust Co., supra ; Bogert, Trusts and Trustees [vol. 4, part 2, § 996, n. 42]).
Accordingly, sufficient has been presented by the committee to establish that the revocation of the trust is necessary for the protection and benefit of the incompetent. His estate is depleted and insufficient to pay for the accumulated past-due hospital bills and continued monthly care and maintenance. It is necessary that the committee be allowed to take over this account for the benefit of the incompetent. The application is granted.