Pierson R. Hildreth, S.
In this compulsory accounting proceeding the account of the administratrix has been stated and agreed upon by stipulation of the parties upon the record. There are no objections to the account as to the items of assets and liabilities, but a question of law is presented as to whether certain Totten Trusts are chargeable to meet a deficiency of general assets to satisfy claims and funeral and administration expenses.
The general assets of the estate have been liquidated and estate taxes and some miscellaneous minor administration expenses have been paid from the proceeds thereof. There now remains a balance of $512.08 in the estate checking account. Decedent, at death, left, in addition, a savings account of $519.86 in his name in trust for one Elsie Kraus, a granddaughter, and another savings account of $8,311.12 in his name in trust for Henry George Kaiser, a nephew. It is conceded that these accounts are typical “ Totten Trusts.”
The remaining liabilities of the estate as stipulated by the parties herein consist of the claim of a hospital of $57.74, a claim for medical expenses of $20, a claim of the undertaker for decedent’s funeral expenses of $986, administration expenses of $150 due the attorney for the administratrix, and whatever costs and disbursements may be allowed petitioner in this proceeding. The agreed liabilities amount to $1,213.74, as against general assets of $512.08, leaving a deficiency of $761.66, plus costs of the proceeding, unless the proceeds of such “ Totten Trusts ” bank accounts are available to make up such deficiency.
The proceeds of the “ Totten Trusts ’’bank accounts have been received by the beneficiaries. The petitioner here who is the undertaker asks that the “ Totten Trusts ” be set aside to the extent necessary to make up the total deficiency, and that the beneficiaries be directed to contribute to the deficiency pro rata. The beneficiary of the larger account does not question the facts above set forth and agreed upon but contends that, as a matter of law, such account is not subject to invasion to meet the deficiency of general assets to pay in full the conceded valid claims, and the funeral and administration expenses. The court, however, is of the opinion that these savings bank accounts are subject to such claims and may be set aside to the extent necessary to meet the deficiency of general assets to pay the same.
*460 Under the rule in Matter of Totten (179 N. Y. 112) the mere deposit of one’s own money in one’s own name in trust for another in a savings bank does not create an absolute trust. As the court stated at page 126: “ It is a tentative trust merely, revocable at will, until the depositor dies or completes the gift in his lifetime by some unequivocal act or declaration.” It was held by the Appellate Division of this Department in Beakes Dairy Co. v. Berns (128 App. Div. 137) that the funds in such an account were subject to claims of creditors of a decedent when other assets of his estate were insufficient. In Matter of Reich (146 Misc. 616) the same rule was applied with respect to claims for funeral and administration expenses. The rationale of these decisions is that the form of the deposit creates only a presumption of an absolute trust arising in favor of the beneficiary as to the balance in the account on the death of the depositor, and when other assets are insufficient to pay valid debts and estate expenses such presumption or inference is rebutted to the extent necessary to make up the deficiency. The obligations of the estate are thus a charge on the funds in the Totten Trusts to the extent that general estate assets are insufficient, with only the balance then remaining becoming an absolute trust in favor of the beneficiary.
Such rule has been applied consistently by the courts. The estate representative has the authority and may have a duty to seek to set aside Totten Trusts to the extent necessary to protect creditors when the estate is insufficient. (Personal Property Law, § 19; Matter of Weinberg, 162 Misc. 867; Matter of St. John, 163 Misc. 17; Matter of Kenny, 171 Misc. 87.)
The trusts are subject to a charge or lien to meet the deficiency, and to that extent may be set aside. (Matter of Matthew, 175 Misc. 524; Matter of Schens, 137 N. Y. S. 2d 67). In this estate the beneficiaries having taken possession of the entire balances in the Totten Trusts savings accounts although they are entitled only to the balance remaining after the charges against the trusts have been satisfied, have obtained a distribution in excess of that to which they are justly entitled. They must accordingly refund to the estate representative pro rata the amounts of the excess distribution which is the amount of the deficiency of general assets to pay the estate debts and expenses. (Surrogate’s Ct. Act, § 20, subd. 6-a; Matter of Walsh, 23 Misc 2d 873; Matter of Poma, 20 Misc 2d 671; see, also, Surrogate’s Ct. Act, § 267.)
The estate representative shall apply the funds to be repaid by the beneficiaries of the Totten Trusts to payment of the estate obligations as will be directed by the decree herein.
*461 In order to provide for an orderly settlement of this accounting the court directs settlement of a decree on notice providing for settlement of the account as stated, setting aside the Totten Trusts to the extent necessary as aforesaid and directing a refund to the estate representative by the respective beneficaries of the Totten Trusts, pro rata according to the balances in the respective accounts as of decedent’s death to the extent necessary to meet the deficiency of estate assets to pay debts, funeral and administration expenses, costs and allowances as will be fixed in the decree, such refund by each of said beneficiaries to be made within 15 days after service of a certified copy of said decree upon each of them; and directing that the representative, upon receipt thereof, apply such moneys to the payment of such obligations, and that neither the representative nor surety on the bond of the representative be finally discharged until the provisions of the decree are performed.