William J. Eegan, S.
This is a proceeding to settle the accounts of George M. Martin, Public Administrator in the above estate. The funds available for distribution by intestacy appear to be some $41,000, less administration expenses, and the dis *708 tributees are a widow, a son and a daughter domiciled in and nationals of Czechoslovakia. They have executed a power of attorney to the law firm of Wolf, Popper, Boss, Wolf and Jones who, in turn, have substituted the local firm of Lipsitz, Green, Fahringer, Boll, Schuller and James as substituted attorneys in fact.
Various and conflicting reports have heretofore been made to this court concerning the probability of certain foreign nationals receiving the full benefit of legacies or distributive shares sent from estates in this country.
Diverse opinions have been written in various jurisdictions along these lines. Under section 269-a of the Surrogate’s Court Act the court is empowered to retain money or other property for the benefit of legatees or other persons entitled thereto where it appears that such person would not have the benefit or use or control of such money or property. With this section in mind this court referred this matter to former Supreme Court Justice Emil L. Cohn- to hear and report upon the question whether these distributees in Czechoslovakia would have the benefit of their inheritances. Testimony was taken before said Beferee from various and numerous sources, including depositions from one Dr. Jiril Majsajdr, an officer and attorney of the Consular Division of the Czechoslovak Embassy in Washington, D. C. and also Dr. Allen A. Isen, a resident of Erie County, who has made numerous trips to Czechoslovakia and expressed familiarity with its customs and regulations. Affidavits and letters from the interested parties, along with other exhibits or decisions of other jurisdictions, were placed in evidence.
Based upon the foregoing, the Beferee submitted to this court his report and findings. A motion to confirm said report was filed, arguments had thereon, and this court now does formally confirm and ratify the Beferee’s report and findings.
The case of Matter of Reidl (23 A D 2d 171) presents the opinion of the Appellate Division in the First Department, with which this court is in accord. The facts set out therein have been verified by the Beferee in the instant matter. The Beferee and this court have sufficient information to conclude that the following quote from the Beidl case is currently true (p. 172): “ The proof here shows a plan called the Tuzex program which was put into effect in 1958. It was shown that there is an organization in Czechoslovakia called the Tuzex Foreign Trade Organization. It maintains stores in Czechoslovakia and also has purchasing agents here and possibly in other countries. It publishes a catalogue of the merchandise it has for sale with fixed prices. The articles may be obtained either in the stores *709 or by order to be fulfilled by the purchasing agent in the foreign country. Purchases are paid for in certificates issued by the organization. Upon delivery of the merchandise, a receipt is obtained from the consignee. The recipient of a certificate may either use it himself or transfer it. The proof was that such certificates have been widely used and there is no record that any such certificate, or the merchandise represented by it, has been confiscated, either directly, through the imposition of taxes, manipulation of exchange rates, or otherwise. We believe that the proof shows that this program provides a reasonable assurance that legacies to Czechoslovak residents will reach the beneficiaries. It was further established that the United States Government has placed no restrictions on the purchase of such certificates for use of estate legatees in Czechoslovakia. ’ ’
Because considerable sums are involved in the instant case, this court believes that care and caution is warranted and for this reason will order the administrator to transmit to each distributee one half of his inheritance in Tuzex certificates and that the remainder of the amount due each beneficiary be deposited for the benefit of the respective beneficiaries subject to the further order of this court to be made after the court has been satisfied that said beneficiaries have received the transmittals and have explained the use to which such moneys were put.