Frank D. Paulo, S.
John Matous’ executor has filed his account of proceedings. He left more than sufficient personal property to pay his debts, funeral and administration expenses *256 and the legacy of $2,000 to a friend. Iiis real property, located in this county, formed part of his residuary estate. It was sold by the executor pursuant to a discretionary power of sale. After the realty was sold, Julia Novotna, one of his residuary beneficiaries died, intestate, a resident of Czechoslovakia.
The court has been asked to make disposition of Julia Novotna’s share of the residue of John Matous’ estate. Normally her share would be paid to her representative to be separately administered, but since no representative has been appointed either in her domicile or here, under the special circumstances here presented, the request will be granted so that John Matous ’ estate may be wound up (Matter of Van Kleeck, 95 Misc. 40, affd. 177 App. Div. 917; see, also, Sultan of Turkey v. Tiryakian, 162 App. Div. 613, affd. 213 N. Y. 429).
Since Julia Novotna died a resident of Czechoslovakia and not of New York it is necessary to determine whether the property she was entitled to receive from the Matous estate is real property, personal property or some of each. This is significant because, under section 47 of the Decedent Estate Law the New York law of descent and distribution is to be applied to New York real property and the law of descent and distribution of the decedent’s domicile (Czechoslovakia) is to be applied to all other property. The choice of law is. more than an academic exercise in this instance because under the New York law of descent and distribution Julia Novotna’s niece and great-niece are her heirs whereas under the law of Czechoslovakia she has no heirs and her assets escheat.
If the will of John Matous had contained a mandatory power of sale or if his testamentary plan required a sale of the real property then, according to the doctrine of equitable conversion, the realty would be considered personal property whether it was in fact sold or not (Lent v. Howard, 89 N. Y. 169). But the power of sale given in the will was discretionary. ■ Had there been no sale, it is clear that it would have retained its character as real property and upon Julia Novotna’s death, the law of the situs, New York, would have governed its descent. However, it was sold by John Matous’ executor under his discretionary power of sale. Did this sale convert the realty into personalty?
The mere fact of sale did not effect a conversion into personalty (Matter of Tatum, 169 N. Y. 514). The statement of facts in the opinion in this leading case, disclose that the discretionary sale in Tatum occurred after the death of the devisee. Is this a significant factor? In Matter of Fritsch (80 Misc. 385) where the discretionary sale was made before the death of the heir, 'Surrogate Ketcham held that the testator’s real *257 property had become personalty. On the other hand, Surrogate Potts, in Matter of Adler (202 Misc. 1100) held that the proceeds of real property sold under article 13 of the Surrogate’s Court Act remained real property for conflicts of law purposes without stating when the heir died with relationship to the date of sale. In Matter of Hills (176 Cal. 232), the Supreme Court of California stressed the fact that title to the real property had vested in the heir before the representative of the original estate sold the real property. Since it had vested, they held that it retained the characteristic of real property for conflicts of law purposes after the heir died.
The court has not found any controlling authority in New York requiring it to hold that the death of the devisee after a discretionary sale by the executor converts real property into personal property. The Supreme Court of Pennsylvania, in Pennell’s Appeal (20 Pa. 515), points up the problem of tracing the proceeds of a sale. This could be a difficult problem, although it is not in the Matous estate. But the problem of tracing the proceeds of a sale of real property is just as difficult if the sale takes place prior to the death of the devisee as it is if the death occurs prior to the sale.
A legal fiction is a poor companion for a long journey, but where are we to part company? Obviously, sooner or later that which in fact is personal property must, in law, be treated as personal property. However, it is the opinion of this court that the proceeds of a discretionary sale of real property should continue to be treated as real property until the proceeds are distributed (18 C. J., Descent and Distribution, § 15, p. 815). To decide otherwise; to make a choice of law based on whether the sale followed the heir’s death or not; to talk of vesting, is to compound the fiction. Furthermore, if an executor, by a discretionary sale, can change real property into personal property, he can in theory, determine who ultimately will receive his testator’s property — perhaps himself — by skillfully timing his sale. See the analysis of this danger in Presiding Justice Van Brunt’s concurring opinion in Butler v. Green (65 Hun 99, 111).
On all the evidence submitted, the court finds that Alma Hybska and Helen Matous are the heirs at law of Julia Novotna under section 83 of the Decedent Estate Law. They are entitled to inherit Julia Novotna’s share (one half) of the proceeds of the sale of the real property of John Matous.
The said Alma Hybska and Helen Matous are also, in their own right, residuary beneficiaries of the will of John Matous. They each take one fourth of the residue. It is proposed that *258 their shares, both of Julia Novotna’s share of the realty and their own as direct beneficiaries of John Matous ’ will, be paid to them in Tuzex certificates. After a hearing, the court is satisfied that they will enjoy the use, benefit and control of their gifts. Payment through the facilities of the Tuzex Foreign Trade Corporation is approved. (Surrogate’s Ct. Act, § 269-a; Matter of Reidl, 23 A D 2d 171.)
The law of Czechoslovakia, her domicile, must govern the distribution of Julia Novotna’s share of the residue of John Matous ’ personal estate. Pursuant to CPLR 4511, the court has taken judicial notice of the law of Czechoslovakia and finds it to be as follows: (a) No representative will be appointed in Czechoslovakia to administer the estate; (b) title to the decedent’s assets, both real and personal, passes directly to her distributees, if any, at the time of her death; (c) with one exception, not applicable here, there is no inheritance permitted beyond siblings; (d) in the absence of distributees, all aspects of a decedent escheat to the People’s Republic of Czechoslovakia; (e) except under special circumstances not applicable here, Czechoslovakian judicial organs do not attempt to determine title to a decedent’s assets having a situs outside Czechoslovakia, even if the decedent was a resident of Czechoslovakia; (f) if, however, the question. of title to assets of a deceased Czechoslovakian national, having situs outside Czechoslovakia, were to be determined by a Czechoslovakian court, it would apply the law of Czechoslovakia and not the law of the situs. (See Law in Eastern Europe, Z. Szirmai, editor [A. W. Sythoff — Leyden, 1961] p. 115 et seq.)
A decision of the State Notary of Praha, in evidence, finds that Julia Novotna died intestate, without distributees and that her assets located in Czechoslovakia escheat to the Peoples’ Republic of Czechoslovakia.
Because the law of Czechoslovakia does not refer to any rules but its own, whether a decedent’s assets are located within or outside that country, the court is not faced with the intricate problems of renvoi'. (See Renvoi Revisited, 51 Harv. L. Rev. 1165.)
Matter of Menschefrend (283 App. Div. 463, affd. 8 N Y 2d 1093, mot. to amd. remittitur granted 8 N Y 2d 1156, cert. den. 365 U. S. 842) held that where there are no heirs under either the law of the situs (New York) or of the domicile (California) and the law of the domicile calls for an escheat, the personalty will escheat to New York as a matter of public policy. It has been argued that where only the law of the domicile (Czechoslovakia) provides for an escheat while the law of the situs *259 (New York) specifies distributees, the doctrine of Menschefrend should not be applied, and the personalty should be distributed to the persons entitled to take under the New York statute of distribution. The court cannot accept this contention. Section 47 of the Decedent Estate Law requires a reference to the law of the domicile as much to determine the absence of distributees as to identify the distributees if there are any. Surrogate Bradford said : “if by the lex domicilii, no one is entitled to succeed, then by the lex loci, no one is entitled to succeed. The property passes to the State.” (Public Administrator v. Hughes, 1 Bradf. 125, 132.) The Hughes case seems to be directly in point and although it was decided over 100 years ago, the distinguished reputation of the Judge recommends it. Furthermore, both the Court of Appeals (in Matter of Utassi, 15 N Y 2d 436) and the Appellate Division, First Department (in Matter of Menschefrend, supra) have recently cited the Hughes case with approval. (See, also, Matter of Barnett, [1902] 1 Ch. 847.)
The law of the domicile having defined Julia Novotna’s share of the personal property of John Matous as bona vacantia, it will be paid to the State of New York.
The attorneys in fact for the beneficiaries, who are also their own lawyers, have asked the court to fix their fees. They are allowed $1,000 as the reasonable value of their services, plus the disbursements listed in their papers. This allowance of fees and disbursements is intended to compensate them for all services rendered in any capacity and to cover, as well, the 2% charge made by the consular division of the Czechoslovakia Embassy.
The attorneys in fact are directed to obtain from their principals an acknowledged and verified statement establishing that the principals have received their .shares of the estate without reduction of any kind, and to file the statement with the court within six months from the date of the entry of the decree herein.