Christopher C. McGrath, S.
In this proceeding, the executor, Mike Duggan, seeks to settle his account and to have the fee of the attorney for the estate determined. In addition, the petitioner asks for a construction as to the so-called power in trust granted to the executor and for a determination as to the manner of payments to the foreign legatees.
The decedent, Rose Paroth, died on September 9, 1965, a resident of Bronx County, survived by three brothers: Vaclav, Jan and Franisek, and a sister, Antonie Firerova, all residents of Czechoslovakia.
Earlier, a turn-over proceeding under SCPA 2105 was instituted by three beneficiaries of Totten Trusts to compel the delivery to them of these accounts, which are admittedly in the possession of the fiduciary or his attorney. The turn-over proceeding has been consolidated with this accounting.
Disposing first of the proceeding under SCPA 2105, the court determines that the proceeds of bank account No. 886,985 in the Bowery Savings Bank, in trust for Antonie Firerova in the sum of $3,433.75, plus interest, is now payable to Jiri Zajac. It has been established that Antonie Firerova, the named beneficiary, died intestate on August 29,1967 in Czechoslovakia. She left as her sole heir, her daughter, Anna Zajicova. The latter repudiated the inheritance on her own behalf and on behalf of her minor daughter, which is permissible under Czechoslovakian law. A third grandchild likewise repudiated the inheritance, leaving Jiri Zajac as the sole person to inherit the estate of Antonie Firerova, the named beneficiary of the Totten Trust. This is pursuant to a decision of the State Notariate at Kutna Hora, dated January 11, 1968. (Objeetants’ Exhibit 2 in evidence.) Accordingly, the bank account referred to belongs to Jiri Zajac.
The other five accounts, as enumerated in Schedule “ K ” of account, are payable to the named beneficiaries, as follows: Account No. 1,021,613 in the Bowery Savings Bank, 110 East 42nd Street, New York, N. Y., in the name of Rose Paroth in trust for Ruza Zajicova; account No. 916,310 in the Bowery Savings Bank, 110 East 42nd Street, New York, N. Y., in name of "Rqse Paroth in trust for Jiri Zajac; account No. 916,311 in the Bowery Savings Bank, 110 East 42nd Street, New York, N. Y., in the name «of Rose Paroth in trust for Anna Zajicova; account No. 33693 in the Flushing Federal Savings and Loan Association, 136-37 Roosevelt Avenue, Flushing, N. Y, in the name of Rose Paroth in trust for Rose Mary Zajicova; and account No. 707,556 in the Dollar Savings Bank, 2792 Third *501 Avenue, Bronx, N. Y., in the name of Rose Paroth in trust for Marenka Zajieova.
The executor has no standing to question the disposition to be made of the funds represented by the Totten Trust accounts, since there are sufficient assets in the estate to cover all debts, funeral and administration expenses. The fiduciary or his • attorney is directed to deliver the passbooks for these accounts to the attorneys in fact of the beneficiaries.
Rose Paroth executed her will on May 18, .1965. By its terms, she made a few small bequests and then provided that the residue be divided in varying shares to her three brothers and one sister and some named nieces and nephews. The decedent’s sister, Antonie, as previously stated, died on Aug. 29, 1967. Her interest in this estate passed to her grandchild, Jiri Zajac, by virtue of the decision of the State Notariate (Matter of Adler, 202 Misc. 1100 ; Matter of Matous, 53 Misc 2d 255). The acquisition of inheritance on behalf of Jiri Zajac was authorized by the Czechoslovakian District Court. There was nothing in the language of the decision which restricted the interest passing in the estate of her grandmother to Jiri Zajac. Objectants’ Exhibit “ 3 ” does not limit in any way the right of Jiri Zajac to Antonie Pirerova’s entire estate including assets derived from this estate.
In view of this determination no purpose would be served by paying over Antonie Pirerova’s interest to the Public Administrator when it can be paid to the attorneys in fact for Jiri Zajac who have appeared in this proceeding.
The Public Administrator of Bronx County was appointed administrator of the estate of Antonie Pirerova and as administrator of the estate of Vaclav Kaderabek, subsequent to the decisions of the State Notariate, referred to above. The court allows a counsel fee to the attorney for the Public Administrator to cover both matters in the sum of $300.
The decedent’s brother Vaclav, died intestate on Jan. 12, 1970 in Czechoslovakia. Pursuant to a distribution agreement between Vaclav’s widow, Marie, and their daughter Vera, the share of Vaclav was acquired by his daughter, Vera Pazderkova. This agreement was approved in a d'ecision of the State Notariate, dated March 16, 1970. (Objectants’ Exhibit “ 6 ” in evidence.)
As Vera Pazderkova has not appeared by attorney in fact, her share as a residuary legatee and her share derived from her father are to be paid into court, by depositing said sums for her benefit with the Finance Administrator of the City of New York.
As to the full use and benefit and control of the assets and *502 property, the executor argues that if they were turned over to the attorneys in fact or transferred to Czechoslovakia, the beneficiaries and legatees wotild not enjoy the full use and benefit of the property.
Under paragraph ‘ ‘ seventh ’ ’ of the will, the testatrix provided that “ no payment nr other transfer of property shall be withheld by the executor in the event that it be decided by a court having jurisdiction that such payment or part payment or transfer of property can be safely made. ’ ’
A reading of the entire will evinces an intention on the part of this testatrix that the court make the determination on the issue of use, bénefít and control of funds transmitted to the foreign legatees. The executor does not have unlimited discretion to withhold payment. The clear language of the will cannot be changed by oral evidence offered by the draftsman of the will (Matter of Kosek, N. Y. L. J., June 9,1970, p. 16, col. 2 [Di Falco, S.]).
The court has considered all of the evidence submitted ánd concludes that there is a reasonable assurance that the parties in interest resident in Czechoslovakia, will have the use, benefit and control of funds where distribution is made by means of Tuzex certificate!- (Matter of Kosek, supra; Matter of Lehotzky, N. Y. L. J., J an. 29, 1968, p. 18, col. 7 [McGrath, S.]; Matter of Reidl, 23 A D 2d 171; Matter of Matous, 53 Misc 2d 255, supra; Matter of Karman, 51 Misc 2d 707; Matter of Lehman, N. Y. L. J., June 27,1966, p. 13, col. 2 [Di Falco, S.]).
The court holds that no power in trust is lodged in the executor to withhold payment and accordingly, directs distribution of the proper amounts due to the parties in interest. Such payments shall be made semiannually through Tuzex certificates in the sum of $5,000 to each legatee or beneficiary. If one’s share is less than $5,000 then and in that event the entire amount due shall be made in Tuzex certificates.
The accounting reflects total charges of $183,457.18. The value of the Totten Trusts set out in schedule “ K ” totals an additional $22,367.74. The court fixes the fee of the attorney for the executor for all services rendered in this estate, including the entry of a decree herein and distribution hereunder, in the sum of $10,000. This sum includes $6,000 previously paid and an allowance of $500 for services rendered respecting the gotten Trusts.