OPINION OF THE COURT
Alfred M. Ascione, J.
The conservator of the now deceased conservatee seeks final judicial settlement of his account, an order directing the disposition to be made of the passbooks to certain bank accounts in which his ward had an interest, and other related relief.
The respondent daughter of the deceased conservatee, Miriam Janko, objects to the conservator’s computation of commissions and also to the latter’s request for additional compensation for both legal and conservatoria! services claimed to have been rendered by him. In addition, she requests this court to direct the conservator to turn over to her the passbooks to the accounts in question; i.e., a Totten Trust account of which she is the designated beneficiary and a joint account of which she is the surviving cotenant.
 With respect to the computation of commissions, respondent’s objection is well taken. Although at the time of his appointment the conservator quite properly took possession of the passbook to the Totten Trust account which had been established by the conservatee for the benefit of respondent Janko in January, 1962, he concedes that it never became necessary for him to invade said account to provide for the needs of his ward. This being the case, it must be concluded that such funds were never "received” by him, *322 within the purview of the operative statute governing the allowance of commissions (i.e., in this case, SCPA 2307; see Mental Hygiene Law, § 78.21; Matter of Brennan, NYLJ, May 18, 1977, p 12, col 2; Matter of Roth, 53 Misc 2d 1066). Moreover, in the indicated circumstances, it is likewise clear that, there being no order of the court permitting him to do so, he was without authority to cancel said account and cause the funds therein to be transferred to another account solely in his name as conservator (see Matter of Del Bello, 19 NY2d 466; Matter of Cianfrocco, 28 Misc 2d 86, 88). Accordingly, petitioner is directed to cause the title of the account in the Grand Street branch of the Dry Dock Savings Bank to be changed from "Leonard Reich as Conservator of Hyman Reich, conservatee,” to the original title, "Hyman Reich, in trust for Miriam Reich Janko.”
With regard to the joint account, it is clear that under section 675 of the Banking Law, respondent Janko, as a joint tenant of said account, had, during the lifetime of the conservatee, her cotenant, a presumed present interest in and right to withdraw one half thereof; and this is so even though the conservatee may have made all of the deposits (see Matter of Lang, 76 Misc 2d 636, revd sub nom. Matter of Kleinberg v Heller, 45 AD2d 514, revd 38 NY2d 836; Matter of Grossman [Gorer], NYLJ, Feb. 19, 1976, p 8, col 2). Moreover, it appears that shortly after the conservator was appointed, respondent Janko’s attorney mailed the passbooks to both accounts to him with an accompanying letter stating that "the delivery of these bank books to you shall not be deemed a waiver of the rights and interest of Miriam Janko either as joint tenant or beneficiary of the trust”. Receipt of such letter together with the passbooks was then acknowledged by the conservator "without waiver, prejudice or acceptance of any position taken.” Although it appears that, a few days thereafter, at the conservator’s request, respondent Janko came to his office and signed a withdrawal slip permitting him to withdraw the entire balance of the joint account and place it in an account solely in his own name as conservator, such action on respondent’s part taken apparently without the presence or advice of her counsel, can, in the indicated circumstances, hardly be accepted as evidence of an intent on her part to relinquish her cotenancy and survivorship rights therein. Furthermore, and in any event, in the face of the afore-mentioned statutory presumption, the reservation of rights contained in the afore *323 said letter of respondent’s counsel, and the apparent absence of any evidence that the joint account had been established by the conservatee merely for convenience, the conservator had no right even to request that respondent consent to its cancellation. In the indicated circumstances, if he had any doubts as to whether or not the cotenants of such account had intended a true joint tenancy, his proper remedy was to commence a discovery proceeding pursuant to section 78.19 of the Mental Hygiene Law for the purpose of obtaining a binding adjudication as to the parties’ rights and interests therein.
In any event, upon the evidence here presented, it must be concluded that the statutory presumption that respondent Janko and the conservatee were joint tenants of the account in question has not been rebutted. Accordingly, petitioner is directed to cause the title of the account containing the balance of the funds remaining from the original joint account to be changed from "Leonard Reich, as conservator of Hyman Reich, conservatee” to the original title, "Hyman Reich or Miriam Reich Janko.”
In light of the foregoing, it must be concluded that only one half of the funds originally on deposit in the joint account was properly "received” by petitioner, within the purview of SCPA 2307, and that, in consequence, his claim for commissions on the remaining half must be rejected.
Sufficient has been shown to justify an award of additional reasonable compensation both for the legal services performed by the conservator in connection with this application and for the services performed by him which "exceed those of an executor or administrator” (Mental Hygiene Law, § 78.21).
The amount of such awards and commissions earned will be fixed in the order to be entered hereon.
With regard to the conservator’s disbursements, he will, on familiar equitable principles, be deemed to have first exhausted the general assets of the conservatee’s estate before having resorted to the latter’s moiety in the joint account which he had earmarked for his daughter upon his decease (see Matter of Del Bello, 19 NY2d 466, supra). Accordingly, insofar as appears from the conservator’s final account, the only remaining assets of any value possessed by the conservatee immediately preceding his death are the funds on deposit in the joint and Totten Trust accounts.
The remaining issue to be decided is the question of who is *324 presently entitled to possession of the passbooks in question with the restored original titles as directed herein.
First of all, it appears that the conservatee died intestate on June 30, 1976 and that his wife, Berta (who was not the mother of respondent Janko), survived him, but also died intestate some six months thereafter; to wit, on January 17, 1977. Her distributees have received notice of this application and have appeared herein through an attorney. The affirmation submitted by said attorney makes no objection to the conservator’s account or his request for commissions and additional compensation and further supports the latter’s contention that the passbooks should be delivered to the administrator of the conservatee’s estate when one is appointed. Said affirmation further states that his clients are currently seeking the appointment of a personal representative for the estate of the conservatee’s wife and that it is contemplated that such appointee will then also seek appointment as administrator of the conservatee’s estate in accordance with the order of priority established by SCPA 1001.
Respondent Janko avers, however, and it is uncontradicted, that, during her lifetime, the conservatee’s wife failed to exercise any right she may have had under EPTL 5-1.1 (subd [c], par [2]) to elect to take a share of the testamentary substitutes here in question. As such right is a personal one, it was lost upon her demise and cannot be exercised by her administrator (Matter of Goldfarb, 17 Misc 2d 649). Moreover, though it be true that the proceeds of both Totten Trust and joint accounts may be invaded for the payment of a decedent’s debts where, as here, no true estate assets remain for purposes of administration (see Matter of Halbauer, 34 Misc 2d 458, affd 18 AD2d 966; Matter of Donleavy, 41 Misc 2d 28), nevertheless, insofar" as appears from the schedules of petitioner’s account, the only unpaid debts left by the conservatee are those due to petitioner (payment of which will be provided herein) and to the State Tax Commission in payment of the estate tax liability upon his estate. As for the latter, payment may be adequately secured by requiring respondent Janko to obtain a tax waiver from the local attorney for the commission (see 28 Carmody-Wait 2d, § 170:18). Thus, insofar as appears from the papers here presented, the only discernible purpose in proceeding with the appointment of an administrator for the conservatee’s estate would be to enable his wife’s distributees to attack the validity of the savings ac *325 counts in question. Although the conservator has, in his memorandum, suggested various legal grounds upon which such inter vivos dispositions might be successfully attacked (e.g., fraud, undue influence, lack of capacity, creation of the joint account for convenience only, etc.), not a scintilla of evidence has been presented either by the conservator or the distributees of his ward’s wife which in any way tends to indicate that such grounds may exist here. Accordingly, for purposes of the present application, it must be concluded that the presumptions established by section 675 of the Banking Law and Matter of Totten (179 NY 112) have not been rebutted and that, consequently, title to the funds on deposit in both the joint and Totten Trust accounts has vested, by operation of law, in the respondent Janko. However, since no legal representative of the conservatee’s estate has yet been appointed, this determination is not to be regarded as binding upon the estate. If and when such representative is appointed, he may, if so advised, pursue whatever claims he may have to the funds in question by appropriate discovery proceedings in the Surrogate’s Court having jurisdiction.
In light of all the foregoing considerations, there appears to be no valid reason why possession of the passbooks in question should not now be granted to the respondent Janko (see Matter of Brennan, NYLJ, May 18, 1977, p 12, col 2, supra; see, also, Matter of Paroth, 72 Misc 2d 499, 501; Killick v Monroe County Sav. Bank, 1 NYS 501). Accordingly, the conservator shall, following compliance with the afore-mentioned directives relating to amendment of the titles of the accounts in question and notification to the banks of the conservatee’s death, deliver possession of the passbooks thereto to the respondent Janko and execute whatever documents may be required of him by the banks as a condition to the transfer to her of the funds in said accounts. Any turnover of the funds by the banks to respondent Janko, however, will, of course, be subject to the presentation of the necessary tax waivers and to any defenses which the bank may have with respect thereto.
Subject to the foregoing modifications, the account is settled and allowed as presented. Upon the filing by the conservator of the affidavit showing compliance with the terms and provisions of the order to be entered herein, and upon his making of an ex parte application therefor, he shall be finally discharged and the bond heretofore given by him for the faithful *326 performance of his duties shall be canceled and vacated and the surety thereon released.