OPINION OF THE COURT
Bertram R. Gelfand, J.
In this estate tax proceeding, the petitioning executrix and the respondent State Tax Commission have each submitted an order fixing the tax. The underlying difference between the two orders is over whether the estate is entitled to a marital deduction in the sum of $129,841.81 as contended by the petitioner or in the sum of $112,223.81 as contended by the respondent.
The parties are in agreement that the value of the gross estate totals $304,045.08 and that the estate is entitled to a deduction for funeral and administration expenses totaling $17,618. The parties are also in agreement that the gross value of the assets passing to the surviving spouse either under the will or by operation of law totals $129,841.81. Their disagreement is over whether the $17,618 deduction for funeral and administration expenses must be subtracted from the gross value of the assets passing to the surviving spouse to determine the marital deduction.
The will provides that the entire estate passes to the surviving spouse. However, assets valued at $174,203.27 passed by operation of law to decedent’s two children. The assets received by the surviving spouse consist of both assets passing by operation of law and administration assets passing to her pursuant to the terms of the will.
*812 It is well established that although certain assets which pass by operation of law are subject to claims of creditors of a decedent or to pay funeral and administration expenses, such assets may only be employed for these purposes if administration assets are insufficient to make such payments in full (Matter of Reich, 94 Misc 2d 319, 324; Matter of Donleavy, 41 Misc 2d 28, 32; Matter of Halbauer, 34 Misc 2d 458, 460, affd 18 AD2d 966). In the instant case, the assets passing to the spouse pursuant to the will are more than sufficient to pay the funeral and administration expenses. Therefore, the funeral and administration expenses totaling $17,618 must be paid from the assets passing to the spouse under the will which results in the spouse receiving from decedent’s estate assets having a net value of $112,223.81 ($129,841.81 - $17,618). Moreover, “[t]he marital deduction may be taken only with respect to the net value of any deductible interest which passed from the decedent to his surviving spouse” (Fed Tax Regs 26 CFR 20.2065 [b]-4 [a]; emphasis added). Where funeral and administration expenses that constitute a deduction for estate tax purposes are paid from a sum that would otherwise fall within a surviving spouse’s marital deduction, they may not be included in the marital deduction. If the contrary view submitted by petitioner was embraced the petitioner would be allowed to take two deductions for the same $17,618, one as funeral and administrations expenses, and another as part of her marital deduction.
Accordingly, it is concluded that the objections of the State Tax Commission that the marital deduction cannot exceed the net value of the assets passing to the surviving spouse is sustained.