■ Peter Stassou et al., Appellants, v Casini & Huang Construction, Inc., et al., Respondents. [660 NYS2d 59] —In an action, *inter alia,* to enjoin the defendants from interfering with an easement claimed by the plaintiffs, the plaintiffs appeal from a judgment of the Supreme Court, Queens County (LaFauci, J.H.O.), dated February 29, 1996, which, upon a nonjury verdict, is in favor of the defendants and against them, dismissing the complaint and cancelling the notice of pendency.

Ordered that judgment is reversed, on the law and the facts, with costs, the complaint is reinstated, and the matter is remitted to the Supreme Court, Queens County, for a trial on the issue of damages.

The law is clear that in determining the ultimate effect of an easement or restriction on the land of the servient land owner, the general rule is that " '[i]n the absence of actual notice before or at the time of * * * purchase or of other exceptional circumstances, an owner of land is only bound by restrictions if they appear in some deed of record in the conveyance to [that owner] or [that owner's] direct predecessors in title' " *(Witter v Taggert,* 78 NY2d 234, 238, quoting *Buffalo Academy of Sacred Heart v Boehm Bros.,* 267 NY 242, 250). Here, contrary to the Supreme Court's determination, both the contract of sale and the bargain and sale deed which conveyed the title of the servient estate to the defendants Peter Casini and Thomas J. Huang created an easement in favor of the plaintiffs over the property of the defendants. The easement, therefore, was in the chain of title and all of the defendants were on notice of its existence. Moreover, the defendants, who had knowledge of the easement and were aware that the plaintiffs could assert a claim for relief, are not entitled to assert the equitable remedy of laches *(see, Dwyer v Mazzola,* 171 AD2d 726; 75 NY Jur 2d, Limitations and Laches, §§ 337, 339). Mangano, P. J., O'Brien, Thompson and Goldstein, JJ., concur.