OPINION OF THE COURT
Lee L. Holzman, J.
In this SCPA 1809 proceeding, the executrix seeks to disallow the claim of the Department of Social Services of the City of New York (DSS) against the estate in the sum of $230,615.57 for medical services rendered to the decedent from April 25, 1997 to April 21, 2000. The parties agreed that the court should *315 determine the matter on the papers submitted, treating it as a motion and cross motion for summary judgment.
The question of first impression that is presented is whether trust principal appointed pursuant to a power of appointment created in an irrevocable trust established by the decedent and exercisable under his will constitutes part of the decedent’s “estate” under Social Services Law § 369 (6). The executrix contends that the trust principal passes under the trust, the instrument which created the power of appointment, and not under the will, the instrument in which the power was exercised, and, consequently, is not an “estate” asset subject to DSS’s claim under Social Services Law § 369 (6). The executrix’ position has surface appeal only if the definition of the term “estate” set forth in section 369 (6) is read in splendid isolation and the validity of the claim depends solely upon this definition. However, when consideration is also given to the law making property appointed pursuant to a general power of appointment subject to the payment of the claims of the donee’s creditors and the obligations of the donee’s estate (EPTL 10-7.2, 10-7.4 [a] [1]), it becomes evident that where, as here, there are no other estate assets to pay DSS’s claim, the trust principal at issue, which was covered by a general power of appointment created by the decedent in favor of himself, is subject to the payment of the claim of DSS in its status as a preferred creditor (Social Services Law § 104 [1]).
On March 3, 1992, the decedent created an irrevocable lifetime trust of which he was the sole income beneficiary. Upon his death, the trustee was directed to pay the entire principal of the trust together with any unpaid income “in accordance with” the decedent’s will. The decedent died on April 27, 2000 at the age of 88 years. At that time, the principal of the trust consisted of a one-half interest in real property. The trustee sold the realty after the decedent’s death and is presently holding the sale proceeds of approximately $90,000. The decedent’s will, bequeathing his entire estate to his grandnephew, has been admitted to probate.
The executrix relies upon City Bank Farmers Trust Co. v Green (160 Misc 370 [1936]) and Guaranty Trust Co. v Halsted (245 NY 447 [1927]) in support of her contention that the trust principal passes under the trust and does not become part of the probate estate passing under the decedent’s will, the latter merely serving as the triggering mechanism to exercise the power of appointment granted to the decedent under the trust. These cases do stand for the general proposition that the *316 decedent’s trust, in which the power of appointment was created and under the authority of which the power is exercisable in his will, is the operative instrument. However, they are not dispositive of the issue presented here, which is whether the decedent, by creating a trust in which he retained the rights to receive all of the income and to appoint the principal in his will, could shield the trust principal from the preferred claim of DSS in light of the provisions of EPTL 10-7.2 and 10-7.4.
Even though DSS does not usually have a lien for medical assistance correctly paid, it is obligated to seek a recovery “from the estate of an individual who was fifty-five years of age or older when he or she received such assistance” (Social Services Law § 369 [2] [b] [i] [B]). The term “estate” is defined for this purpose as “all real and personal property and other assets included within the individual’s estate and passing under the terms of a valid will or by intestacy” (Social Services Law § 369 [6]). Inasmuch as the decedent granted to himself as the donee of the power the right to exercise it in favor of his estate, the power of appointment is classified as a general power of appointment under EPTL 10-3.2 (b). Consequently, regardless of whether the general power of appointment created by the decedent in favor of himself is classified as presently exercisable under EPTL 10-3.3 (b), or as postponed under EPTL 10-3.3 (d), the property covered by the power of appointment “is subject to the payment of the claims of creditors of the donee, his estate and the expenses of administering his estate” pursuant to either EPTL 10-7.2 or 10-7.4 (a) (1). It would fly in the face of clear legislative intent to construe Social Services Law § 369 as barring a recovery by DSS on the ground that the appointed property should not be deemed part of the decedent’s estate in view of the legislative mandates that DSS is a preferred creditor (Social Services Law § 104 [1]) and that the appointed property is subject to the payment of the claims of the donee’s creditors and the obligations of the donee’s estate (EPTL 10-7.2, 10-7.4 [a] [1]).
The result reached herein is in harmony with the manner in which the law deals with assets which are usually deemed to pass by operation of law outside of the terms of the decedent’s will or the laws of intestacy, as the case may be, but are, nevertheless, made subject to the claims of the decedent’s creditors where he maintained control over the property and did not own sufficient assets passing under his estate to satisfy his lawful obligations (Matter of Granwell, 20 NY2d 91 [1967]). Similarly, the proceeds of a Totten trust bank account may be *317 collected by the fiduciary of the deceased depositor’s estate to the extent that the estate assets are insufficient to pay the decedent’s obligations, even though the proceeds would usually pass outside of the estate to the designated beneficiary (Matter of Halbauer, 34 Misc 2d 458 [1962], affd 18 AD2d 966 [1963]; see also Tur ano and Radigan, New York Estate Administration § 5.12).
For the reasons stated above, the executrix’ motion for summary judgment is denied and DSS’s cross motion for summary judgment is granted.