■ In the Matter of the Estate of ANTHONY LaPINE, Deceased. ATTORNEY GENERAL OF STATE OF NEW YORK, Appellant; MARY BRAULT, Also Known as MARY ANN NEVILLE, Respondent, et al., Respondents. [795 NYS2d 294]—

In a proceeding to direct the beneficiaries of certain Totten trusts to refund money received from the Totten trusts to the estate, the petitioner appeals from so much of a decree of the

Surrogate's Court, Dutchess County (Pagones, S.), dated September 12, 2003, as denied that branch of the petition which was to direct Mary Brault, also known as Mary Ann Neville, to refund to the estate the money she received as beneficiary of the decedent's Totten trusts and dismissed the proceeding insofar as asserted against the administrator, Mary Brault, also known as Mary Ann Neville.

Ordered that the decree is reversed insofar as appealed from, on the law, with one bill of costs payable by Mary Brault, also known as Mary Ann Neville, personally, and that branch of the petition to direct Mary Brault, also known as Mary Ann Neville, to refund to the estate the money she received as beneficiary of the decedent's Totten trusts is granted.

Creditors may reach funds in a Totten trust if other assets of a decedent's estate have been exhausted (see Matter of Halbauer, 34 Misc 2d 458, 460, affd 18 AD2d 966 [1963]; see also Matter of Albasi, 196 Misc 2d 314, 317 [2003]; Matter of Mirsky, 154 Misc 2d 278, 280-281 [1992]). Additionally, if general estate assets are insufficient to pay creditors' claims, beneficiaries who have received "a distribution in excess of that to which they are justly entitled . . . must accordingly refund to the estate representative pro rata the amounts of the excess distribution which is the amount of the deficiency of general assets to pay the estate debts and expenses" (Matter of Halbauer, supra at 460).

Here, Mary Brault also known as Mary Ann Neville, the administrator of the estate, was well aware of the State's potential claim for reimbursement of the hospitalization costs of the decedent's wife, her mother, as the administrator specifically noted in her petition for letters of administration that the decedent's wife was a patient at a state psychiatric facility, and even served the citation for letters of administration on the decedent's wife in a state psychiatric ward. It is construed to be common knowledge, moreover, that recipients of public assistance who have financial ability to do so are required to reimburse the public agency for the assistance furnished them (see Matter of Swaab, 40 Misc 2d 767, 768 [Sur Ct, NY County 1963]), and it is well settled that a spouse is obligated to pay the fee for the services rendered to the disabled spouse (see Mental Hygiene Law § 43.03). The administrator nevertheless withdrew funds from the subject Totten trust accounts, despite the fact that she knew of potential claims against the estate, and despite the fact that she knew the estate to be insolvent.

Under these circumstances, therefore, where the administrator was deemed to have been aware of the State's existing claim, it is not inequitable for her to be held to account under Mental

Hygiene Law § 43.03 (*see Stassou v Casini & Huang Constr.*, 241 AD2d 448 [1997]; *Dwyer v Mazzola*, 171 AD2d 726 [1991]).

Further, the equitable doctrine of laches may not be interposed as a defense against the State where, as here, it is acting in a governmental capacity to enforce a public right or protect a public interest (*see Matter of Cortlandt Nursing Home v Axelrod*, 66 NY2d 169, 178 [1985], *cert denied* 476 US 1115 [1986]). Although courts have made exceptions to this doctrine, those exceptions are limited to "unusual factual situations" not applicable in this case (*Matter of Hamptons Hosp. & Med. Ctr. v Moore*, 52 NY2d 88, 94 [1981]; *cf. Conquest Cleaning Corp. v New York City School Constr. Auth.*, 279 AD2d 546 [2001]). Thus, contrary to the administrator's argument, the Attorney General's petition is not barred by the doctrine of laches. Florio, J.P., S. Miller, Luciano and Mastro, JJ., concur. [*See* 1 Misc 3d 384 (2003).]